[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12650
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 2, 2011
JOHN LEY
CLERK

Agency No. A075-350-153

ANIBAL S. MAZARIEGOS,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 2, 2011)

Before EDMONDSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Anibal S. Mazariegos petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider his motion to reopen removal proceedings, pursuant to 8 C.F.R. § 1003.2(b). Mazariegos entered the United States without inspection in 1994. He later applied for asylum and withholding of removal. The BIA denied his application in 1999, concluding that he failed to establish a well-founded fear of persecution. Based on new evidence, in 2009 Mazariegos moved to reopen his case, but the BIA denied his motion as inexcusably time-barred. Mazariegos then moved the BIA to reconsider its order. The BIA denied his motion for reconsideration after finding that Mazariegos's newly-submitted evidence did not show that he would be harmed on account of a protected ground. Mazariegos now argues that the BIA abused its discretion in denying his motion to reconsider.[1]

"We review the BIA's denial of a motion to reconsider for abuse of discretion." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007) (quotation marks omitted). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall

[1] To the extent Mazariegos seeks judicial review of any other orders, he did not timely petition for their review, and we are therefore without jurisdiction to consider them. 8 U.S.C. § 1252(b)(1). Similarly, we are without jurisdiction to consider any unexhausted challenges to the BIA's order on reconsideration, including that the asylum statute protected former Guatemalan soldiers as members of a particular social group. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

2

be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); see also 8 U.S.C. § 1229a(c)(6)(C). "[M]erely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." Calle, 504 F.3d at 1329 (quoting 8 C.F.R. § 1003.2(b)(1)).

In this case, Mazariegos seeks reconsideration of the BIA's denial of his motion to reopen. Normally, a motion to reopen may be brought only within 90 days of the underlying order of removal, 8 C.F.R. § 1003.2(c)(2), however, an applicant may be excused from the ordinary time limits for filing motions to reopen by presenting evidence demonstrating "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii). At the same time, "[a]n alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in her personal circumstances." Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009).

Upon review of the record, and consideration of the parties' briefs, we conclude that the BIA did not abuse its discretion in denying Mazariegos's motion

for reconsideration. As the BIA explained, because Mazariegos's motion to reopen was untimely, it could be granted only upon satisfaction of 8 U.S.C. § 1229a(c)(7)(C)(ii) and 8 C.F.R. § 1003.2(c)(3)(ii). The only evidence Mazariegos submitted in support of his motion to reopen is three anonymous threats, made in 2004, 2007, and 2008, respectively. The issuers of these threats did not reveal their identity, nor did they claim to be motivated by any grounds warranting asylum. Without more, it was not an abuse of discretion to conclude that these threats did not demonstrate Mazariegos would be targeted on account of a protected ground, and that the threats were not material to his asylum application. See Silva v. United States Att'y Gen., 448 F.3d 1229, 1234, 1237–38 (11th Cir. 2006) (anonymous threats made in close temporal proximity to protected activities does not compel conclusion that threats were made on account of protected grounds); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (anonymous acts of violence do not compel conclusion of prohibited motivation).

Accordingly, we hold that the BIA did not abuse its discretion in denying Mazariegos's motion to reconsider its order on his motion to reopen.

**PETITION DENIED.**

4